W. J. BYRNES & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4000.    Decided October 26, 1926.

Personal service classification denied.

*H. H. Tooley, C. P. A.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

The Commissioner has determined a deficiency in income and profits tax for the year 1918 in the amount of $6,447.76. The alleged deficiency arises (1) from the Commissioner's refusal to allow the petitioner classification as a personal service corporation, and (2) from the disallowance of certain deductions from gross income on account of donations and organization expenses, as to which the petitioner does not appeal.

### FINDINGS OF FACT.

The petitioner is a corporation with its principal office in San Francisco, where it is engaged in the business of customs broker. It had branch offices in New York and Seattle during the taxable year. It was incorporated in 1917, with an authorized capital stock in the amount of $10,000, divided into 100 shares of the par value of $100 each. During the taxable year W. J. Byrnes, president, and T. A. Eisfeldt, vice president, each owned 40 shares of stock, and J. A. Bainbridge, secretary, and N. S. McNulty, treasurer, each owned 10 shares of stock. Each of these officers devoted his entire time to the business of the petitioner.

The petitioner rendered services to customers engaged in trade between foreign countries and the United States. During the taxable year, for importers, it cleared shipments through the custom houses, computing the duties and exchange thereon; delivered such imported goods locally or to transportation companies for transmission to other parts of the United States, making out the customary bills of lading and arranging for insurance coverage, and in many instances advanced money for the payment of freight on such shipments. For exporters it handled shipments of goods from various parts of the United States, which it placed in storage until it could book available cargo space for transportation to foreign companies. In connection with its business, it operated a leased warehouse during the taxable year and charged its customers rent or hire for the use of space therein.

The petitioner's balances of income and operating expenditures for the taxable year are fully set forth in the following statement:

*Profit and loss.*

| Dec. 31, 1918: | | | Dec. 31, 1918: | | | Credits. |
|---|---|---|---|---|---|---|
| Export department salaries_ | | $8,421.60 | Export department— | | | |
| Import department— | | | Services__ | $2,985.11 | | |
| Salaries _____ | | 21,757.20 | Commissions___ | 41,251.14 | | |
| Gross income_____ | | 55,955.16 | | | | $44,236.25 |
| | | | Import department— | | | |
| | | | Salaries __ | 16,138.12 | | |
| | | | Commissions___ | 12,456.02 | | |
| | | | Surety bonds__ | 5,940.31 | | |
| | | | | | 34,534.45 | |
| | | | Interest on balances_____ | | 1,244.33 | |
| | | | Warehouse fees, etc_____ | | 4,415.83 | |
| | | | Cartage _____ | | 46.19 | |
| | | | Insurance_____ | | 1,577.22 | |
| | | | United States Liberty bonds, interest_____ | | 79.69 | |
| | 86,133.96 | | | | 86,133.96 | |

*Profit and loss*—Continued.

| | Debits. | | Credits. |
|---|---|---|---|
| Dec. 31, 1918: | | Dec. 31, 1918, gross income____ | $55, 955. 16 |
| Donations _____ | $162. 50 | | |
| Interest _____ | 870. 16 | | |
| Office salaries_____ | 15, 449. 70 | | |
| Postage _____ | 964. 02 | | |
| Rent_____ | 1, 700. 00 | | |
| Stationery and printing____ | 1, 963. 71 | | |
| Sundry expenses_____ | 5, 018. 49 | | |
| Telegrams _____ | 2, 326. 18 | | |
| Telephone _____ | 1, 022. 60 | | |
| New York branch, office expense _____ | 6, 336. 69 | | |
| Seattle branch_____ | 592. 79 | | |
| Depreciation — Furniture and fixtures_____ | 410. 58 | | |
| Net profits_____ | 19, 137. 74 | | |
| | 55, 955. 16 | | 55, 955. 16 |

The financial condition of the petitioner at the beginning and end of the taxable year is disclosed by the following:

*Balance sheets.*

[Schedule C, as of Jan. 1, 1918, and Dec. 31, 1918.]

| | Jan. 1, 1918. | Dec. 31, 1918. |
|---|---|---|
| ASSETS. | | |
| Cash_____ | $76, 100. 77 | $23, 783. 97 |
| Accounts receivable_____ | 2, 307. 16 | 63, 057. 39 |
| Investments: Liberty bonds, etc_____ | 1, 002. 01 | 7, 806. 79 |
| Revenue stamps_____ | | 96. 69 |
| Unexpired insurance_____ | | 29. 25 |
| Furniture and fixtures_____ | 2, 168. 94 | 3, 695. 28 |
| Total assets_____ | 81, 578. 88 | 98, 469. 37 |
| LIABILITIES AND CAPITAL. | | |
| Accounts payable_____ | 56, 417. 08 | 51, 049. 48 |
| Notes payable_____ | 15, 161. 80 | 15, 161. 80 |
| United States Liberty bond subscriptions_____ | | 3, 120. 35 |
| Total liabilities_____ | 71, 578. 88 | 69, 331. 63 |
| Capital stock_____ | 10, 000. 00 | 10, 000. 00 |
| Surplus (earnings 1918)_____ | | 19, 137. 74 |
| | 81, 578. 88 | 98, 469. 37 |

OPINION.

LANSDON: The petitioner advanced considerable sums for the payment of freight on shipments of goods belonging to its customers. Such advances were generally collected in a short time, but required the use of substantial amounts of capital. Its balance sheets show that at December 31, 1918, it had accounts receivable in the amount of $63,057.39 and accounts payable in the amount of $51,049.48. During the year it operated a warehouse for hire and derived income

therefrom in the amount of $4,415.83. These facts indicate the use of capital which, though borrowed, was a material income-producing factor.

> *Judgment will be entered for the Commissioner.*